## MORGAN and others *v.* ROGERS.

*(Circuit Court, D. Rhode Island. February 12, 1884.)*

**TRADE-MARK—TRANSFER BY GENERAL CONVEYANCE.**
    A trade-mark will pass under a general conveyance of all the assets and effects of a firm, though not specifically designated.

In Equity.

*Nathan F. Dixon, J. Van Santvoord,* and *A. Chester,* for complainants.

*Benj. F. Thurston* and *J. C. B. Woods,* for defendant.

COLT, J. It appears by the bill and evidence that the complainants had, from time to time, advanced large sums of money to the firm of J. Miller & Sons, who were carrying on the business in Providence, Rhode Island, of the manufacture and sale of certain proprietary medicines, notably the compound known as Dr. Haynes' Arabian Balsam. To secure the complainants, Miller & Sons executed a chattel mortgage to them, dated June 1, 1875. On or about March 22, 1876, the complainants took possession under the mortgage and proceeded, through an agent, to carry on the business of the manufacture and sale of these medicines. Subsequently, on February 13, 1877, Miller & Sons conveyed to the defendant, Rogers, the exclusive right to use their trade-marks, and to make and sell their medicinal compounds. The present suit is brought to restrain the defendant from using these trade-marks. The main question in the case turns upon the meaning of the following clause in the mortgage:

"The following articles of personal property, now in our possession, and now in and upon the premises known and designated as numbers (8) eight and (12) twelve High street, in said city of Providence, viz.: The entire property, stock, furniture, and fixtures, and other articles, now in and upon said premises, together with all debts and book accounts, assets, and effects of every kind and nature, belonging to said firm of J. Miller & Sons."

The complainants contend that the above recital includes all trade-marks then owned and used by Miller & Sons in their business on High street, and that such was the intention of the contracting parties. The defendant claims that this description does not cover any trade-mark, but only the property, stock, accounts, etc., belonging to the firm; that such was the intention of the parties; and that the proof shows that at most, and independent of the mortgage, the complainants have a parol license to use the trade-marks until reimbursed for their advances to Miller & Sons. The clause of conveyance in the mortgage is very broad in its terms. Clearly the language bears the construction, and will bear no other than that the whole property of Miller & Sons, upon the premises occupied by them, together with their assets of every kind, passed by way of mortgage to the complainants. The description plainly identifies the property and states what is conveyed. It is not a case where there is an ambiguity by reason of two inconsistent descriptions in the same instrument, nor is it a case where the instrument fails to point out the subject-matter so that a stranger, after examination, might be deceived, but in plain and unequivocal language, and for the large consideration of $48,500, the entire property of the firm of Miller & Sons, at their place of business, and all the firm assets, are conveyed by way of mortgage to the complainants. There is no reason why a trade-mark cannot be conveyed with the property with which it is associated. As an abstract right, apart from the article manufactured, a trade-mark cannot be sold, the reason being that such transfer would be productive of fraud upon the public. In this respect it differs from a patent or a copyright. But in connection with the article produced, it may be bought and sold like other property. It constitutes a part of partnership assets, and is properly sold with the firm property. Browne, Trade M. §§ 360, 361; *Hall* v. *Barrows*, 10 Jur. (N. S.) 55; *Ainsworth* v. *Walmsley*, 35 Law J. Ch. 352; *Kidd* v. *Johnson*, 100 U. S. 617; *Walton* v. *Crowley*, 3 Blatchf. 440; *Congress & Empire Spring Co.* v. *High Rock Congress Spring Co.* 57 Barb. 526, and 4 Amer. L. T. Rep. 168; *Dixon Crucible Co.* v. *Guggenheim*, 2 Brewst. 321. For a trade-mark to pass under a bill of sale it is not necessary that it should be specifically mentioned. In *Shipwright* v. *Clements*, 19 Weekly Rep. 599, there was a sale by one partner to the other of all his interest in the partnership, stock in trade, goods, chattels and effects, book debts, moneys in the bank, and all other property not being on the premises, the defendant covenanting that he would not carry on the trade within one mile of the premises, or in any way affect the business to

be thereafter carried on by the purchaser. The court held that this was a sale of the business, and that a trade-mark passed under such a sale, whether specially mentioned or not. If a trade-mark is an asset, as it is, there is no reason why it should not pass under the term assets, in an instrument which conveys the entire partnership property. To hold that the trade-mark is not included in this mortgage, is to say that the most valuable part of the partnership property is not covered by the words assets and effects of every kind and nature.

The evidence, in our opinion, strongly confirms the construction we have put upon the instrument, and shows that such was the intent of the parties. The complainants proceeded to take possession under the mortgage of the entire property and assets of the firm, to use the trade-marks, and to manufacture and sell the medicinal compounds. At the time possession was taken, one of the Millers sent for Mr. Morgan, and surrendered the keys. Two of the Millers for months after this continued to sell the medicines under the direction of the agent who was carrying on the business for the complainants. The annual royalty due Dr. Haynes the complainants assumed and paid. The defendant, Rogers, as shown by his letters, understood that the complainants had succeeded to all the rights of Miller & Sons, and were running the business. He says, however, that in the fall of 1876, after a consultation with the Millers, and after what they said, he took legal advice, and found that the complainants had title under the mortgage only to the goods and effects of Miller & Sons. But that his mind was not clear on the question of the trade-marks is shown by the fact that subsequently, in his conveyance from Miller & Sons, of February 13, 1877, under which he now claims the right to use these trade-marks, there is a provision that if, at the expiration of two years, he should not be in the exclusive enjoyment of the trade-marks in consequence of any act done by the Millers in *conveying* or *incumbering* them, then, at his option, the annuities to be paid to the Millers under the agreement were to cease. The fact that the complainants agreed to turn over the property to the Millers after they had been paid cannot operate to divest them of the exclusive right to the trade-marks if they had acquired such under the mortgage. With such exclusive right they, as well as Miller & Sons, might hope the debt would soon be extinguished, but without such exclusive right such a result would be most improbable.

Upon a proper construction of the clause of conveyance in the mortgage, and upon the evidence showing the intent of the parties, we are satisfied that the relief prayed for should be granted, and that the defendant should be enjoined from the use of the trade-marks.